UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF:                          )
CASTLEPOINT FIRE PROTECTION   )         No. 4:12-CV-1272 CAS
DISTRICT ASSOCIATION,                  )

**MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. The Court previously ordered the Castlepoint Fire Protection District Association to pay the statutory filing fee and to have an attorney enter his or her appearance on its behalf. The Association has failed to comply, and therefore, the Court will remand this action to the state court. The Court notes that Theodis Brown has filed a motion to have himself added as an individual to this suit. Mr. Brown's motion does not cure the Association's failure to comply with the Court's order.

Additionally, the Association has not met its burden of establishing federal subject matter jurisdiction. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). "Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction, Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002); all doubts about federal jurisdiction must be resolved in favor of remand, Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007)." Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).

The Notice of Removal filed by Theodis Brown on behalf of the Castlepoint Fire Protection District Association is deficient in several respects. Most importantly, the names and citizenship of all the parties have been deleted. In fact, the Notice of Removal appears to have been filed in a different case and modified slightly to remove the names and citizenship of the parties. It contains

multiple irrelevant paragraphs pertaining to a products liability and personal injury case. For example, the Notice of Removal states that "Plaintiffs' action is a products liability, personal injury case arising from the alleged ingestion of a [deleted]. . . . Plaintiffs allege that [deleted] Plaintiff [deleted] heart defects, including [deleted] defect, [deleted] valve defect, [deleted] and pulmonary artery stenosis . . . ." See Notice of Removal, ¶ 10. A cursory review of the filings in this case establish that it does not involve products liability or personal injury. The Notice of Removal filed by Mr. Brown has no relevance to this case. As such, the Court has no information from which it could find that the requirements of federal jurisdiction have been satisfied.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Circuit Court of St. Louis County, Missouri, from which it was removed.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED without prejudice**.

An Order of Remand will accompany this Memorandum and Order.

                                                 **CHARLES A. SHAW**
                                                 **UNITED STATES DISTRICT JUDGE**

Dated this 17th day of August, 2012.